FILED
U.S. District Court
District of Kansas
11/05/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEESHAUN W. MILO,

Petitioner,

v. CASE NO. 26-3366-JWL

NICHOLAS BALL,

Respondent.

# MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Keeshaun W. Milo, a state prisoner incarcerated at Lansing Correctional Facility in Lansing, Kansas. (Doc. 1.) Petitioner initially filed a motion for leave to proceed in forma pauperis (Doc. 3), but has since paid the filing fee. Thus, the motion for leave to proceed in forma pauperis will be denied as moot. The Court has conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, as explained below, it appears that this case should be dismissed so that Petitioner may complete the related case currently pending in the state courts. Petitioner will be granted time in which to show cause, in writing, why this matter should not be dismissed so that he may complete the pending state-court proceedings. In addition, for the reasons set forth below, the Court will deny the motion to appoint counsel (Doc. 4).

## Background

The following facts are taken from the Kansas Supreme Court's opinion in Petitioner's direct appeal and are included here for context only. The Court has not received or reviewed the state-court records and does not intend these summarized facts to constitute a finding of fact for purposes of this federal habeas case. To the extent factual findings of the Kansas Supreme Court

are eventually contested by Petitioner in this case, the Court will consider those challenges at the proper time.

James Welborn, who had previously bought marijuana from Petitioner, contacted Petitioner to arrange for Michael Hamilton to buy marijuana from Petitioner. *See State v. Milo*, 315 Kan. 434, 434-35 (2022). Petitioner and Welborn went together to Hamilton's home and, although the precise nature of the events that followed were contested, Petitioner shot and killed Hamilton. *Id.* at 434-36. In late 2016, the State of Kansas charged Petitioner "with one count of felony murder with the underlying crime of distribution of marijuana. Prior to trial, [Petitioner] requested a self-defense instruction," which the state district court denied because it found that Petitioner "was either committing or attempting to commit a forcible felony" when the shooting occurred. *Id.* at 437. The Kansas statutes related to self-defense make it "legally unavailable to a person who '[i]s attempting to commit, committing or escaping from the commission of a forcible felony,'" a term also defined by Kansas statute. *See id.* at 438 (quoting relevant statutes).

In December 2018, in the District Court of Sedgwick County, Kansas, a jury convicted Petitioner of first-degree felony murder, with the underlying crime of attempted distribution of marijuana. (Doc. 1, p. 1-2.) The following month, the state district court sentenced him to life in prison with no possibility of parole for 25 years, lifetime parole, and 15 years of postrelease offender registration. (Doc. 1, p. 1.) Petitioner appealed and, in an opinion issued on May 20, 2022, the Kansas Supreme Court ("KSC") affirmed his conviction. *See Milo*, 315 Kan. at 434. Petitioner then filed a motion for rehearing or modification, which he asserts was never ruled on. (Doc. 1, p. 2.) The publicly available records of the KSC reflect that the motion was denied on August 25, 2022. *See* Kansas Judicial Branch CaseSearch, Case No. 120726, available at https://casesearch.kscourts.gov ("CaseSearch website"). Petitioner advises that he did not file a

petition for writ of certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

On June 14, 2023, Petitioner filed a motion in state district court seeking state habeas relief from his conviction under K.S.A. 60-1507, which remains pending. *Id.* As of the date of this order, the publicly available records of the Sedgwick County District Court confirm this statement and reflect that Petitioner's K.S.A. 60-1507 motion is proceeding under case number 2023-CV-001085. *See* CaseSearch website. On September 28, 2026, Petitioner filed in this Court a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.)

**Rule 4 Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

**The § 2254 Petition (Doc. 1)**

The petition now before the Court asserts six grounds for relief under 28 U.S.C. § 2254. (Doc. 1, p. 5-12.) The Court will not address the grounds in detail, but provides a general summary here. In Ground One, Petitioner argues K.S.A. 21-5111(n), which defines the term "forcible

felony," was unconstitutionally vague as it was applied to him. *Id.* at 5. In Ground Two, he argues that the state district court violated his First, Fifth, Sixth, and Fourteenth Amendment rights "to life and liberty" when it refused to instruct the jury on self-defense. *Id.* at 7. In Ground Three, Petitioner argues that the district court violated his First, Fifth, Sixth, and Fourteenth Amendment rights to a fair trial by instructing the jury on attempted distribution of marijuana and by not instructing the jury that if it found Petitioner had no marijuana at the relevant time, there could be no attempt to distribute. *Id.* at 8.

In Ground Four, Petitioner contends that the district court erred by denying his motion for acquittal based on insufficient evidence of an attempt to distribute marijuana. *Id.* at 9. In Ground Five, he argues that the district court violated his Fourteenth Amendment due process right to present a meaningful and complete defense by refusing to instruct the jury on self-defense. *Id.* at 11. In Ground Six, Petitioner argues that the district court violated his Fifth, Sixth, and Fourteenth Amendment rights "to due process and fair notice of what conduct is criminal and what defenses are available." *Id.* at 12. More specifically, Petitioner asserts that the KSC in his appeal announced a new interpretation of Kansas statutes and then applied that new interpretation to him, which deprived him of fair warning that his conduct was illegal under the new interpretation. *Id.* Petitioner asks this Court to require Respondent to produce state-court records and file an answer to the petition, allow Petitioner to conduct discovery and expand the record, hold an evidentiary hearing, hold that the standard presumption of correctness does not apply in this case, allow additional briefing if necessary, and grant any and all appropriate relief. *Id.* at 16.

**Discussion**

According to the petition, the K.S.A. 60-1507 currently pending in state district court raises 8 issues:

> (1) The district court abused it[s] discretion when it denied Mr. Milo's self-defense immunity; (2) district court abused it[s] discretion when it denied Mr. Milo's self-defense instruction; (3) Richard Ney gave defective, ineffective assistance of counsel for not demanding a decision on his memorandum of law regarding self-defense instruction; (4) district court abused it[s] discretion by not issuing "an official decision" on the memorandum of law regarding self-defense instruction; (5) Richard Ney gave defective ineffective assistance of counsel for failing to object to State's changing it[s] position regarding the marijuana at the scene; (6) Petitioner-Defendant's due process right[s] were violated by [the] State's eliciting perjured-tainted testimony from CSI Chris Englo-Tjaden and James Welborn; (7) Richard Ney gave defective ineffective assistance of counsel for failing to subpoena and investigate Ryan Jeanneret; (8) prosecutorial misconduct, the State perjured itself by stating that the State had no evidence of the marijuana, because Mr. Milo could have taken it when he fled the scene, this statement was stated on the record during his motion for judgement of acquittal.

(Doc. 1, p. 14 (all errors in original).) Petitioner also asserts to this Court that the six grounds for relief asserted in his federal habeas petition were fully exhausted through his direct appeal. *Id.* at 13.

Even taking the assertion of exhaustion as true for purposes of the Rule 4 screening of the petition in this case, however, it is clear that the issues raised in the K.S.A. 60-1507 are closely related to the grounds for federal habeas relief asserted in the petition now before this Court. For example, Grounds Two and Five of the federal habeas petition assert violations based on the state district court's refusal to instruct the jury on self-defense. And the first, fourth, and fifth issues raised in the K.S.A. 60-1507 motion allege error related to that same refusal.

Although this Court is not absolutely barred from considering a federal habeas petition while state-court proceedings related to the same conviction are ongoing, the Tenth Circuit has recognized a "'requirement that special circumstances must exist before the federal courts exercise their habeas corpus, injunctive, or declaratory judgment powers to stop state criminal proceedings.'" *Smith v. Crow*, 2022 WL 12165390, *2 (10th Cir. Oct. 21, 2022) (order denying certificate of appealability) (quoting *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977)).

Granted, the K.S.A. 60-1507 action is civil, not criminal. Nevertheless, it has the potential to directly affect Petitioner's criminal conviction and sentence because if Petitioner is successful in his K.S.A. 60-1507 case, the state district or appellate courts may vacate his conviction and sentence.

Because Petitioner is currently pursuing an avenue for relief from his state conviction and sentence in state court through his K.S.A. 60-1507 motion, and because the issues in the state proceedings would be directly affected by resolution of the current federal habeas action, this Court is inclined to refrain from conducting habeas review of the conviction at this time. Instead, the correct action appears to be dismissing this action without prejudice so that Petitioner may complete his state-court proceedings. Petitioner will be granted time to show cause in writing why the Court should not dismiss this case without prejudice.

Dismissal of this action without prejudice will not by itself prevent Petitioner from filing a new federal habeas action after the conclusion of his K.S.A. 60-1507 proceedings in the Kansas state courts. A dismissal "without prejudice" is a "dismissal without barring the [petitioner] from returning later, to the same court, with the same underlying claim." *See Styskal v. Weld County Bd. of County Com'rs*, 365 F.3d 855, 858 (10th Cir. 2004) (internal quotation marks omitted) (quoting *Semtek Intl. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)). Petitioner is cautioned, however, that he will be required to comply with other rules regarding any future § 2254 petition, including the exhaustion requirement and the applicable statute of limitations.

If Petitioner wishes to proceed on the current petition for federal habeas relief, he is cautioned that doing so likely will prevent him from later seeking federal habeas relief from this conviction based on constitutional issues he currently raises to the state courts for the first time in his K.S.A. 60-1507 motion. Under 28 U.S.C. § 2244(b), "[t]he filing of a second or successive §

2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. 2013). The United States Supreme Court has explained that "[t]he phrase 'second or successive application' . . . is a term of art, which is not self-defining." *Banister v. Davis*, 590 U.S. 504, 511 (some quotation marks omitted) (quoting *Slack v. McDaniel*, 529 U.S. 473, 486 (2000)).

When determining whether a § 2254 petition is "second or successive," the Court focuses on the state-court judgment under which the petitioner is being held in custody, not the basis for his or her argument that the judgment is unconstitutional, and whether an earlier petition was disposed of on its merits. This is true even if the "second or successive" petition raises grounds for relief not raised in the earlier petition. *See Lancaster v. Bigelow*, 435 F. App'x 773, 774-75 (10th Cir. July 27, 2011) (unpublished) (characterizing as "mistaken" a § 2254 petitioner's argument that "because he is raising new claims, he is not required to obtain circuit-court authorization to file his [third] § 2254 petition").

This means that if the Court rules on the merits of the current federal habeas petition, any future § 2254 petition Petitioner wishes to file likely will be subject to the strict restrictions on second or successive petitions. Petitioner likely would be unable to assert ineffective assistance of counsel, for example, as a ground for federal habeas relief after exhausting the issue in his current K.S.A. 60-1507 proceedings. *See* 28 U.S.C. § 2244(b)(2) (setting out required showings for the Court to consider "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application"). Therefore, Petitioner should carefully consider whether he wishes to pursue federal habeas relief at this time.

Again, the Court will grant Petitioner time to respond to this order in writing and show cause why this case should not be dismissed without prejudice. In the alternative, Petitioner may inform the Court, in writing, that he wishes the case to be dismiss without prejudice. If Petitioner

fails to timely file a response, this matter will be dismissed without prejudice.

**Motion for Appointment of Counsel (Doc. 4)**

Also before the Court is Petitioner's motion for appointment of counsel, which the Court has carefully considered. (Doc. 4.) As Petitioner is aware, he has no constitutional right to counsel in a federal habeas corpus action. *See id.* at 2. *See also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lomack v. Farris*, 2025 WL 397520, *1 (10th Cir. Feb. 4, 2025) (unpublished) (citing *Finley* and *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008), for the holding that "there is no constitutional right to counsel in habeas proceedings."). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

This Court may appoint counsel in a federal habeas action if it "determines that the interest of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to appoint counsel for Petitioner, the Court has considered "the merits of [his] claims, the nature and complexity of the factual and legal issues, and [Petitioner's] ability to investigate the facts and present his claims." *See Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes that at this point, the interest of justice does not require appointment of counsel for Petitioner. As set forth above, the Court is inclined to dismiss this case without prejudice so that Petitioner may complete the pending, related state-court proceedings. Additionally, if this case proceeds, the petition reflects

that Petitioner is quite capable of articulating and presenting his claims for federal habeas relief.

Thus, the Court will deny the motion for appointment of counsel without prejudice to refiling if the material circumstances of the case change. As Petitioner notes in his motion, if this case develops in certain ways, he may be entitled to the appointment of counsel. For example, if discovery is authorized in this matter, the Court may consider whether appointment of counsel is necessary. *See* Rules Governing § 2254 Cases, Rule 6, 28 U.S.C.A. foll. § 2254. Similarly, if an evidentiary hearing is warranted, the Court must appoint an attorney for "a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." *See id.* at Rule 8.

**IT IS THEREFORE ORDERED** that the motion for leave to proceed in forma pauperis (**Doc. 3**) is **denied as moot**.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (**Doc. 4**) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Petitioner is granted until and including **December 10, 2026**, to submit a single written response to this order that shows cause why this matter should not be dismissed without prejudice for the reasons stated in this order. If Petitioner fails to timely file a written response, this matter will be dismissed without prejudice and without further prior notice to him.

**IT IS SO ORDERED.**

DATED: This 5th day of November, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge